UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINADOR BLANCO,

      Plaintiff,

v.                                                                                          CASE NO. 3:14-cv-99-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

      Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for Disability Insurance Benefits and Supplemental Security Income. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED**.

**I.   Procedural History**

Plaintiff filed an application for Disability Insurance Benefits on March 10, 2011, and an application for Supplemental Security Income on March 11, 2011, alleging disability beginning on August 20, 2010. (Tr. 160-64; 165-70.) The Social Security Administration denied Plaintiff's applications initially on May 17, 2011 (Tr. 87-97), and again upon review on June 20, 2011 (Tr. 100-03). Plaintiff

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 9.)

requested a hearing before an administrative law judge ("ALJ"), and his case was heard on May 22, 2012. (Tr. 13-48.) On June 25, 2012, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 69-82.) Plaintiff submitted a Request for Review by the Appeals Council, which was denied on November 25, 2013. (Tr. 6-11.) Accordingly, the ALJ's decision is the final decision of the Commissioner.

##   II.   Summary of the ALJ's Decision

In reaching his decision, the ALJ applied the five step sequential evaluation process provided by 20 C.F.R. § 404.1520(a)(4) and 20 C.F.R. § 416.920(a)(4). (Tr. 69-82.) At the first step, the ALJ found Plaintiff satisfied the insured status requirements of the Social Security Act through March 31, 2013, and had not engaged in substantial gainful activity since August 20, 2010, his alleged onset date. (Tr. 71.) At the second step, the ALJ found Plaintiff suffered from two severe impairments: a degenerative disc disease of the cervical and lumbar spine with radiculopathy, and headaches. (Tr. 71-73.) However, at the third step, the ALJ determined Plaintiff's impairments did not meet or medically equal the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 73.) Accordingly, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found Plaintiff was able to perform:

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant is limited to frequent balancing, and only occasional climbing, stooping, kneeling, crouching, and crawling. The claimant is limited to only occasional exposure the [sic]

      unprotected heights and workplace hazards such as exposed machinery.

(Tr. 73-77.)  At the fourth step, the ALJ relied on the testimony of a vocational expert, and found Plaintiff was able to perform the duties of his past relevant work as a telephone solicitor.  (Tr. 77.)  Therefore, the ALJ did not proceed to the fifth step of the sequential evaluation process, and found Plaintiff was not disabled within the meaning of the Social Security Act.  (Tr. 78.)

## II.   Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

### III.     Discussion

Plaintiff raises one issue on appeal.  Specifically, Plaintiff argues the ALJ erred in assigning significant weight to the opinion of consultative examiner Dr. Kristjan Olafsson while failing to address Dr. Olafsson's finding that Plaintiff's ability to maintain a regular work schedule would likely be hindered.  (Doc. 14 at 5-11.)  The Commissioner responds by arguing the ALJ implicitly rejected this portion of Dr. Olafsson's opinion, and any failure to explicitly state the weight afforded to the finding was no more than harmless error.  (Doc. 14 at 11-15.)

An ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefor.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)).  The weight to which a medical opinion is entitled depends on several factors.  *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). These factors include the length and nature of the examining relationship, consistency of the opinion with the record as a whole, the degree to which the opinion is supported by medical signs and laboratory findings, and the specialization of the medical source.  *Id.*  "[T]he opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician." *Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir. 1985)

(per curiam) (quotation marks omitted).  However, the opinion of a one-time examiner by itself is not entitled to great weight.  *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam).  "Although a consultative examiner who examines a claimant on only one occasion is not entitled to [the] deference of a treating physician, under *Winschel,* the ALJ still must set forth with particularity the weight he assigned to this opinion and the rationale for the rejection of the most significant findings."  *Wasser v. Comm'r of Soc. Sec.*, No. 6:12-cv-1399-ORL-31DAB, 2014 WL 116988, at *5 (M.D. Fla. Jan. 13, 2014) (quotations omitted).

In this case, Plaintiff underwent a mental status evaluation conducted by consultative examiner Dr. Kristjan Olafsson on May 2, 2011.  (Tr. 434-36.)  Dr. Olafsson reported Plaintiff was appropriately dressed, appeared his stated age, exhibited poor personal hygiene, presented with a limp on his right side, and appeared restless due to apparent back discomfort.  (Tr. 434.)  Examination showed Plaintiff's speech was coherent and fluent, the quality of his voice was clear, and his language was within normal limits.  (*Id.*)  Plaintiff's thought process was coherent and goal directed, and he showed no evidence of delusions or hallucinations.  (*Id.*)  Plaintiff demonstrated an adequate attention span; however, his ability to concentrate was described as poor.  (Tr. 435.)  Plaintiff exhibited an intact memory, average intellectual functioning, good insight, and fair judgment.  (*Id.*)  Dr. Olafsson opined Plaintiff was capable of following and understanding simple instructions, performing simple and some complex tasks independently,

5

maintaining attention for tasks, learning new tasks, making appropriate decisions, and relating adequately with others. (Tr. 435-36.) Dr. Olafsson further opined Plaintiff's ability to concentrate appeared to be poor due to his medications, and his ability to maintain a regular schedule would likely be hindered by his current complaints. (Tr. 435.)

In his decision, the ALJ gave significant weight to Dr. Olafsson's medical opinion. (Tr. 77.) The ALJ noted Dr. Olafsson was an expert in the field of psychology, his opinions were based on a comprehensive examination of Plaintiff and his medical records, and his findings were consistent with the other substantive medical evidence of record. (*Id.*) However, as Plaintiff notes, the ALJ did not address Dr. Olafsson's finding that Plaintiff's complaints would likely hinder his ability to maintain a regular work schedule. (Doc. 14 at 5-11.) The Commissioner concedes that the ALJ rejected this portion of Dr. Olafsson's opinion without discussion, but contends the opinion was appropriately discounted on an implicit basis. (Doc. 14 at 11-15.) The Court does not agree. While, it is in the purview of the ALJ to weigh and reject medical opinion evidence based on the record as a whole, when weighing medical opinion evidence, the ALJ must state the reasons for his decision. *Sharfarz,* 825 F.2d at 279. Additionally, an ALJ must articulate his reasons for rejecting some portions of a medical opinion while accepting others. *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012); *Monte v. Astrue,* No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720 at *6 (M.D. Fla. Jan. 28, 2009). Thus, the Court

6

disagrees with the Commissioner's position that the ALJ may implicitly reject Dr. Olafsson's finding regarding Plaintiff's ability to maintain a regular work schedule. *See Khale, 845 F. Supp. 2d at 1272* (stating "reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.").

In the alternative, the Commissioner argues that even if the ALJ erred in failing to address this specific medical finding, the error was harmless as it is apparent from the record that the decision to discount this portion of the opinion is supported by substantial evidence. (Doc. 14 at 13.) Again, the Court disagrees. In reviewing the ALJ's decision, the Court cannot discern any discussion of evidence tending to contradict Dr. Olafsson's finding that Plaintiff would be limited in his ability to maintain a regular work schedule.[2] *See Caldwell v. Barnhart*, 460 F. Supp. 2d 922, 930 (S.D. Ind. 2006) ("In order to disregard Dr. Peters' opinions on this fact, the ALJ must have articulated some other piece of evidence which would establish that he could maintain regular attendance and a regular schedule."). While the Commissioner asserts that none of Plaintiff's medical records indicate he would have difficulty conforming to a normal work schedule, the Court notes that both of Plaintiff's treating physicians opined that

---

[2] The Commissioner argues that the Court should infer that the ALJ rejected Dr. Olafsson's finding because it was based solely on Plaintiff's subjective complaints regarding the severity of his symptoms. However, the Court must focus its review on the reasons provided by the ALJ and not the *post hoc* justifications offered by the Commissioner. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

Plaintiff would likely miss more than five days of work each month.[3]  (Tr. 405, 427.)  Moreover, as Plaintiff contends, an RFC assessment should generally reflect "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."[4] SSR 96-8P 1996 WL 374184 at *3 (emphasis in original).  Therefore, the Court is unable to find the ALJ's failure to address Dr. Olafsson's opinion that Plaintiff's complaints would likely hinder his ability to adhere to a normal work schedule constituted harmless error.

Based on the foregoing, the Court finds it is necessary to remand the ALJ's decision for further evaluation of Dr. Olafsson's medical opinion.  This holding appears to be consistent with those of other courts which have had occasion to consider similar issues.  See *Gorham v. Astrue*, No. 1:11-cv-3555-CAP-JSA, 2012 WL 5507306, at *7 (N.D. Ga. Nov. 14, 2012) (remanding the ALJ's decision for further consideration of consultative examiner's opinion that the claimant had

---

[3]  The ALJ ultimately rejected the opinions of Plaintiff's treating sources.  (Tr. 76.)  Although the opinions were rejected, they still constitute medical evidence which indicate Plaintiff's ability to adhere to a work schedule would be limited.  Accordingly, the Court disagrees with the Commissioner's statement that Plaintiff's other medical records do not indicate he would have difficulty maintaining a regular schedule.

[4]  The Court has considered the narrow exception to this general principle which holds that a claimant's ability to work eight hours a day for five days a week is not always required when a claimant's past relevant work includes a part-time position which qualified as substantial gainful activity.  See *SSR* 96-8P 1996 WL 374184 at *3 n.2.  However, in the instant case, the ALJ found Plaintiff was able to perform his past relevant work as a telephone solicitor, and did not identify any other positions which Plaintiff remained capable of performing.  Notably, Plaintiff performed his past work as a telephone solicitor on a normal forty-hour workweek basis.  (Tr. 242.)

a limited ability to maintain a regular work schedule even though the ALJ properly rejected a similar opinion offered by the claimant's treating source); *Ramsey v. Colvin*, No. 13-cv-05955 JRC, 2014 WL 3956760, at *1 (W.D. Wash. Aug. 13, 2014) ("After considering and reviewing the record, the Court finds that the ALJ erred by failing to adopt or specifically reject the opinion of [the] examining psychologist . . . that plaintiff would have marked/severe limitation in her ability to perform activities within a schedule and maintain regular punctual attendance."); *Lewis v. Astrue*, No. 10-5066, 2011 WL 1884154, at *3 (W.D. Ark. May 18, 2011) (remanding the ALJ's decision where the ALJ stated he gave a treating source opinion substantial weight, but "failed to address [the treating source's] conclusions that Plaintiff's pain and depression would impact her ability to maintain a regular work schedule and would substantially increase her level of fatigue and reduce her stamina, concentration, persistence, pace and memory.").

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the ALJ to reconsider the opinion and findings of consultative examiner Dr. Kristjan Olafsson, and conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is

**GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within thirty (30) days from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

      **DONE AND ORDERED** in Jacksonville, Florida on February  19th , 2015.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record